UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY KRESEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | FILED |
| vs. ) | March 12, 2008    TG |
| ) | 08cv1467 |
| COOK COUNTY, ) | JUDGE   HOLDERMAN |
| COOK COUNTY SHERIFF ) | MAGISTRATE   JUDGE SCHENKIER |
| THOMAS DART, in his ) | |
| official capacity, ) | |
| JOHN DOE SHERIFF DEPUTY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Jurisdiction/Venue

    1.    This incident occurred on or about October 30, 2007, at the Cook County Jail in Chicago, Cook County, Illinois.

    2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

    3.    At all relevant times pertaining to this occurrence, the Plaintiff, Wesley Kresen, was a resident of Chicago, Cook County, Illinois, and a temporary inmate detainee at the Cook County Jail.  At the time of this filing, the Plaintiff is not in custody of any penal institution.

    4.    At the time of the occurrence, Defendant Thomas Dart was the Cook County Sheriff, and the employer of the John Doe Sheriff Deputy referred to in this complaint.

Defendant Dart is sued in this case in his official capacity as Cook County Sheriff, based on a theory of *respondeat superior* on the state law battery claim. At the time of this occurrence, Defendant Dart had a duty to protect the Plaintiff, and to refrain from having any of his employees and/or agents batter detainees such as the Plaintiff.

5. In taking the actions described in this Complaint, John Doe Sheriff Deputy, a Cook County Sheriff's Deputy, who had a duty to protect the Plaintiff and to refrain from battering him, engaged in willful and wanton misconduct in the course and scope of his employment, and he also acted under color of law.

6. Defendant Cook County is the indemnifying entity for actions taken by Defendant Dart and/or his employees, including but not limited to the named Defendant John Doe Sheriff Deputy, and the County is being sued on an indemnification theory on both the federal and state law claims.

Facts

7. On or about October 30, 2007, a John Doe Sheriff's Deputy, without lawful justification, intentionally threw the Plaintiff into the air, and onto the floor, causing him, *inter alia*, to suffer a broken right hip and an injured elbow, thus using excessive force on the Plaintiff.

8. As a result of the actions of this John Doe Sheriff's Deputy, the Plaintiff suffered past and permanent physical and mental pain and suffering, permanent disability, a loss of freedom, and pecuniary damage.

COUNT I – 42. U.S.C. § 1983 –
Excessive Force –
Plaintiff against Defendant John Doe Sheriff's Deputy

9. Plaintiff realleges what has previously been alleged in this Complaint.

10.     In taking the actions described above, Defendant John Doe Sheriff's Deputy willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant John Doe Sheriff's Deputy, plus punitive damages, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

<u>COUNT II – State Law Battery Claim – Respondeat Superior –
Plaintiff Against Defendant Thomas Dart</u>

11.     The Plaintiff realleges what has previously been alleged in this Complaint.

12.   In taking the actions described above, Defendant Thomas Dart, through his agent and/or employee, a John Doe Sheriff's Deputy, acting under color of law and within the scope and duty of his employment as a Cook County Sheriff's Deputy, willfully and wantonly battered the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

<u>COUNT III – Plaintiff against the County of Cook (Indemnification)</u>

13.     The Plaintiff re-alleges what has been previously alleged in this Complaint.

14.     Defendant Cook County is the indemnifying entity for the actions, described above, of Defendants Thomas Dart and John Doe Sheriff's Deputy, who took their actions while acting under color of law and in the course and scope of their employment with the County of

Cook.

WHEREFORE, should Defendants Thomas Dart or any of his agents and/or employees be found liable on one or more of the claims set forth above, the Plaintiff demands that Defendant Cook County be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully submitted,

                                              s/ Richard Dvorak
                                              _____
                                              Richard Dvorak,
                                              One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK, TOPPEL & BARRIDO
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)