UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY KRESEN, ) | |
| ) | |
| Plaintiff, ) | 08 C 1467 |
| ) | |
| vs. ) | |
| ) | |
| COOK COUNTY, COOK COUNTY SHERIFF ) | |
| THOMAS DART, in his official capacity, ) | Magistrate Judge Schenkier |
| JOHN DOE SHERIFF DEPUTY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now come the defendant, Thomas Dart, Cook County Sheriff, by his attorney Richard A. Devine, by and through his assistant, Jack G. Verges, and pursuant to Fed.R.Civ.P. 12(b)(6), move this Honorable court to dismiss Plaintiff's Complaint against him for failure to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (*quoting* Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent

from the face of the complaint. <u>Hishon</u>, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." <u>Bennett v. Schmidt</u>, 153 F.3d 516, 519 (7th Cir. 1998).

## DEFENDANT THOMAS DART IS NOT LIABLE IN HIS OFFICIAL CAPACITY

Defendant Dart is sued in his official capacity.  Plaintiff has failed to state an official capacity claim against Defendant Thomas Dart, Sheriff of Cook County.  Actions brought against government officers, such as Defendant Dart here, in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018, 2036 (1977). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id*. at 2037. Accordingly, Plaintiff has failed set forth allegations sufficient to support a claim under *Monell*. More fundamentally, Plaintiff failed to state a constitutional claim and therefore Defendant Thomas Dart could have no culpability.

To state a § 1983 claim against a government official acting in his official capacity, Plaintiff must sufficiently allege that there is: "1) an express policy that, when enforced, cause[d] a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law,"; 3) that the constitutional injury was caused by a person with "final policymaking authority." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).  The

requirement exists so that the municipality will not be held liable on the theory of respondeat superior. *Monell*, supra, at 694.

More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown*, 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson*, 102 S. Ct. 445 (1981). In *Jackson v. Marion County*, 66 F.2d 151, 153-54 (7th Cir. 1995), the Seventh Circuit stated:

> Allegations in a complaint are binding admissions...and admissions can of course admit the admitter to the exit from the federal courthouse...**So when** as in Baxter by *Baxter v. Vigo County School Corp.*, 26 F.3d 728 (7th Cir. 1994) **the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office the plaintiff believes violated his rights, the suit is properly dismissed on the pleadings.** (citations omitted)(emphasis added)

A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Plaintiff has failed to allege any allegations of policy or customs. However, assuming *arguendo* that Plaintiff had actually made such allegations, they would not state a claim for which relief could be granted. Boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a §1983 claim. *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago*, 760 F.2d 765, 767-769, (7th Cir. 1985). In *Hossman*, the court stated: "Alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id*.; *See also***:** *Williams v. City of Chicago*, 525 F.Supp. 85 (N.D. Ill. 1981); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985). In

3

*Rodgers v. Lincoln Towing Service, Inc.*, 596 F.Supp. 13, 20 (N.D. Ill. 1984), the Court stated "Such boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in §1983 actions. Even under the most liberal pleading requirements, the instant complaint fails to include sufficient allegations to place the court and Defendant Dart on notice of the gravamen of the complaint and must be dismissed. *See McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

Based upon the foregoing, the Complaint against Defendant Thomas Dart, in his official capacity should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant Thomas Dart, respectfully requests that this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: /s/ Jack G. Verges
　　　JACK G. VERGES
　　　Assistant State's Attorney
　　　500 Richard J. Daley Center
　　　Chicago, IL  60602
　　　(312) 603-3469
　　　# 6186215