**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WESLEY KRESEN, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1467 |
| | ) | |
| vs. | ) | |
| | ) | |
| COOK COUNTY, COOK COUNTY SHERIFF | ) | |
| THOMAS DART, in his official capacity, | ) | Magistrate Judge Schenkier |
| JOHN DOE SHERIFF DEPUTY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants' COOK COUNTY SHERIFF THOMAS DART and COUNTY OF COOK,

through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his

assistant, Jack G. Verges, Assistant State's Attorney, and answers Plaintiff's complaint as

follows:

**Jurisdiction/Venue**

1.     This incident occurred on or about October 30, 2007, at the Cook County Jail in

Chicago, Cook County, Illinois.

ANSWER:     Defendants admit the allegations contained in paragraph one.

2.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the

United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

ANSWER:     Defendants admit the allegations contained in paragraph two.

## Parties

3.     At all relevant times pertaining to this occurrence, the Plaintiff, Wesley Kresen, was a resident of Chicago, Cook County, Illinois, and a temporary inmate detainee at the Cook County Jail. At the time of this filing, the Plaintiff is not in custody of any penal institution.

ANSWER:     Defendants admit the allegations contained in paragraph three.

4.     At the time of the occurrence, Defendant Thomas Dart was the Cook County Sheriff, and the employer of the John Doe Sheriff Deputy referred to in this complaint. Defendant Dart is sued in this case in his official capacity as Cook County Sheriff, based on a theory of respondeat superior on the state law battery claim. At the time of this occurrence, Defendant Dart had a duty to protect the Plaintiff, and to refrain from having any of his employees and/or agents batter detainees such as the Plaintiff.

ANSWER:     Defendants admit the allegations contained in paragraph four.

5.     In taking the actions described in this Complaint, John Doe Sheriff Deputy, a Cook County Sheriff's Deputy, who had a duty to protect the Plaintiff and to refrain from battering him, engaged in willful and wanton misconduct in the course and scope of his employment, and he also acted under color of law.

ANSWER:     Defendants deny the allegations contained in paragraph five.

6.     Defendant Cook County is the indemnifying entity for actions taken by Defendant Dart and/or his employees, including but not limited to the named Defendant John Doe Sheriff Deputy, and the County is being sued on an indemnification theory on both the federal and state law claims.

ANSWER:    Defendants admit the allegations contained in paragraph six.

**Facts**

7.    On or about October 30, 2007, a John Doe Sheriffs Deputy, without lawful justification, intentionally threw the Plaintiff into the air, and onto the floor, causing him, inter alia, to suffer a broken right hip and an injured elbow, thus using excessive force on the Plaintiff.

ANSWER:    Defendants deny the allegations contained in paragraph deny.


8.    As a result of the actions of this John Doe Sheriffs Deputy, the Plaintiff suffered past and permanent physical and mental pain and suffering, permanent disability, a loss of freedom, and pecuniary damage.

ANSWER:    Defendants deny the allegations contained in paragraph eight.


**COUNT I - 42. U.S.C. § 1983 -**
**Excessive Force -Plaintiff against Defendant John**
**Doe Sheriffs Deputy**

9.    Plaintiff realleges what has previously been alleged in this Complaint.

ANSWER:    Defendants incorporate by reference their answers to paragraphs one through eight.


10.    In taking the actions described above, Defendant John Doe Sheriffs Deputy willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiffs damages, described more fully above.

ANSWER:    Defendants deny the allegations contained in paragraph ten.

**COUNT II - State Law Battery Claim - Respondeat Superior -
Plaintiff Against Defendant Thomas Dart**

11.     The Plaintiff realleges what has previously been alleged in this Complaint.

ANSWER:     Defendants incorporate by reference their answers to paragraphs one

through eleven.

12.     In taking the actions described above, Defendant Thomas Dart, through his agent

and/or employee, a John Doe Sheriffs Deputy, acting under color of law and within the scope

and duty of his employment as a Cook County Sheriffs Deputy, willfully and wantonly battered

the Plaintiff, the proximate cause of which was the Plaintiffs damages, described more fully

above.

ANSWER:     Defendants deny the allegations contained in paragraph twelve.

**COUNT III- Plaintiff against the County of Cook (Indemnification)**

13.     The Plaintiff re-alleges what has been previously alleged in this Complaint.

ANSWER:     Defendants incorporate by reference their answers to paragraphs one

through twelve.

14.     Defendant Cook County is the indemnifying entity for the actions, described

above, of Defendants Thomas Dart and John Doe Sheriffs Deputy, who took their actions while

acting under color of law and in the course and scope of their employment with the County of

Cook.

ANSWER:     Defendants admit the allegations contained in paragraph fourteen.

## AFFIRMATIVE DEFENSES

Defendants COOK COUNTY SHERIFF THOMAS DART and COUNTY OF COOK, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, JACK G. VERGES, in further response to the Plaintiff's complaint and in the alternative, affirmatively states as follows:

**FIRST AFFIRMATIVE DEFENSE:** Defendant THOMAS DART did not violate any of Plaintiff's clearly established constitutional rights, and defendant is therefore entitled to qualified immunity from plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE:** Plaintiff's injuries, if any, were caused by his own actions.

**THIRD AFFIRMATIVE DEFENSE:** Plaintiff failed to exhaust all Administrative remedies pursuant to 42 U.S.C. § 1997(e).

**JURY DEMAND**

Defendants respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees. Defendants pray that this honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant Defendant's fees, costs, and such other belief that this Court deems just and appropriate.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:   /s/ Jack G. Verges
      Jack G. Verges
      Assistant State's Attorney
      Civil Actions Bureau
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-3469
      #6186215