UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| WESLEY KRESEN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. 08 C 1467 | |
| | ) | | |
| COOK COUNTY, | ) | Hon. Judge Schenkier | |
| COOK COUNTY SHERIFF | ) | | |
| THOMAS DART, | ) | | |
| JOHN DOE SHERIFF DEPUTY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**PLAINTIFF'S AGREED MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

The Plaintiff, Wesley Kresen, by and through one of his attorneys, Richard Dvorak, of DVORAK, TOPPEL & BARRIDO, LLC, respectfully requests this Honorable Court permit him to amend his Complaint, pursuant to Rule 15 of the Rules of Civil Procedure. In support, the Plaintiff states as follows:

1. The First Amended Complaint filed in this case named a John Doe Sheriff's Deputy.

2. The Plaintiff has subsequently learned the name of the John Doe Sheriff's Deputy as Joseph Evans.

3. Thus, the Plaintiff seeks leave to amend the Complaint to name the John Doe Deputy as Joseph Evans.

4. Defendants' counsel, Assistant State's Attorney Jack Verges, has no objection to the granting of this motion.

5. "Rule 15(a) decrees that leave to amend 'shall be freely given when justice so

requires; this mandate is to be heeded. . . In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Parkview Corp. v. Dep't of the Army Corps of Engineers</u>, 85 F.R.D 145 (E.D. Wis. 1980).

6.  In fact, "amendments to complaints are liberally allowed under the Federal Rules of Civil Procedure up to and **even after trial, judgment, and appeal**, in cases in which there is no harm to the defendant from the tardy amendment." <u>United States v. Security Pacific Business Credit</u>, 956 F.2d 703 (7th Cir. 1992) (emphasis added).

WHEREFORE, the Plaintiff seeks leave of this Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to file the Plaintiff's attached Second Amendment Complaint [Exhibit A].

Respectfully Submitted,

_____
Richard Dvorak,
One of the Plaintiff's Attorneys.

Richard Dvorak
DVORAK, TOPPEL & BARRIDO, LLC
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (Fax)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY KRESEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  08 C 1467 |
| | ) | |
| COOK COUNTY, | ) | Hon. Judge Schenkier |
| COOK COUNTY SHERIFF | ) | |
| THOMAS DART, | ) | |
| JOSEPH EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Jurisdiction/Venue

    1.    This incident occurred on or about October 30, 2007, at the Cook County Jail in Chicago, Cook County, Illinois.

    2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

    3.    At all relevant times pertaining to this occurrence, the Plaintiff, Wesley Kresen, was a resident of Chicago, Cook County, Illinois, and a temporary inmate detainee at the Cook County Jail.  At the time of the filing of the Plaintiff's Complaint, the Plaintiff was not in the custody of any penal institution.

    4.    At the time of the occurrence, Defendant Thomas Dart was the Cook County

Sheriff, and the employer of the Defendant Cook County Sheriff's Deputy Joseph Evans, referred to in this complaint. Defendant Dart is sued as Cook County Sheriff, based on a theory of *respondeat superior,* on the state law battery claim only. At the time of this occurrence, Defendant Dart had a duty to protect the Plaintiff, and to refrain from having any of his employees and/or agents batter detainees such as the Plaintiff.

5.  In taking the actions described in this Complaint, Deputy Joseph Evans, a Cook County Sheriff's Deputy, who had a duty to protect the Plaintiff and to refrain from battering him, engaged in willful and wanton misconduct in the course and scope of his employment, and he also acted under color of law.

6.  Defendant Cook County is the indemnifying entity for actions taken by Defendant Dart and/or his employees, including but not limited to the named Defendant Evans, and the County is being sued on an indemnification theory on both the federal and state law claims.

Facts

7.  On or about October 30, 2007, Defendant Evans, without lawful justification, intentionally threw the Plaintiff into the air, and onto the floor, causing him, *inter alia*, to suffer a broken right hip and an injured elbow, thus using excessive force on the Plaintiff.

8.  As a result of the actions of Defendant Evans, the Plaintiff suffered past and permanent physical and mental pain and suffering, permanent disability, a loss of freedom, and pecuniary damage.

COUNT I – 42. U.S.C. § 1983 –
Excessive Force –
Plaintiff against Defendant Joseph Evans

9.  Plaintiff realleges what has previously been alleged in this Complaint.

10.　　In taking the actions described above, Defendant Joseph Evans willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Joseph Evans, plus punitive damages, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

<u>COUNT II – State Law Battery Claim – Respondeat Superior –
Plaintiff Against Defendant Thomas Dart</u>

11.　　The Plaintiff realleges what has previously been alleged in this Complaint.

12.　　In taking the actions described above, Defendant Thomas Dart, through his agent and/or employees, acting under color of law and within the scope and duty of employment, willfully and wantonly battered the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant Thomas Dart, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

<u>COUNT III – Plaintiff against the County of Cook (Indemnification)</u>

13.　　The Plaintiff re-alleges what has been previously alleged in this Complaint.

14.　　Defendant Cook County is the indemnifying entity for the actions, described above, of Defendants Thomas Dart and/or Defendant Joseph Evans, who took their actions while acting under color of law and in the course and scope of their employment with the County of Cook.

WHEREFORE, should Defendants Thomas Dart or any of his agents and/or employees be found liable on one or more of the claims set forth above, the Plaintiff demands that Defendant Cook County be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                Respectfully submitted,

                                                s/ Richard Dvorak

                                                _____
                                                Richard Dvorak,
                                                One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK, TOPPEL & BARRIDO, LLC
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)