UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY KRESEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 08 C 1467 |
| COOK COUNTY, | ) | |
| COOK COUNTY SHERIFF | ) | Hon. Magistrate Judge Schenkier |
| THOMAS DART, | ) | |
| JOSEPH EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants' COOK COUNTY SHERIFF THOMAS DART, JOSEPH EVANS and COUNTY

OF COOK, through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his

assistant, Jack G. Verges, Assistant State's Attorney, and answers Plaintiff's 2nd Amended Complaint

as follows:

Jurisdiction/Venue

1.      This incident occurred on or about October 30, 2007, at the Cook County Jail in

Chicago, Cook County, Illinois.

ANSWER:     Defendants admit the allegations contained in paragraph one.


2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the

United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

ANSWER:     Defendants admit the allegations contained in paragraph two.

Parties

3.      At all relevant times pertaining to this occurrence, the Plaintiff, Wesley Kresen,

was a resident of Chicago, Cook County, Illinois, and a temporary inmate detainee at the Cook

County Jail. At the time of the filing of the Plaintiffs Complaint, the Plaintiff was not in the

custody of any penal institution.

ANSWER:     Defendants admit the allegations contained in paragraph three.


4.      At the time of the occurrence, Defendant Thomas Dart was the Cook County Sheriff,

and the employer of the Defendant Cook County Sheriff's Deputy Joseph Evans, referred to in this

complaint. Defendant Dart is sued as Cook County Sheriff, based on a theory of *respondeat*

*superior*, on the state law battery claim only. At the time of this occurrence, Defendant Dart had a

duty to protect the Plaintiff, and to refrain from having any of his employees and/or agents batter

detainees such as the Plaintiff.

ANSWER:     Defendants admit the allegations contained in paragraph four.


5.      In taking the actions described in this Complaint, Deputy Joseph Evans, a Cook

County Sheriff's Deputy, who had a duty to protect the Plaintiff and to refrain from battering

him, engaged in willful and wanton misconduct in the course and scope of his employment, and

he also acted under color of law.

ANSWER:     Defendants deny the allegations contained in paragraph five.


6.      Defendant Cook County is the indemnifying entity for actions taken by Defendant

Dart and/or his employees, including but not limited to the named Defendant Evans, and the

County is being sued on an indemnification theory on both the federal and state law claims.

ANSWER:    Defendants admit the allegations contained in paragraph six.


Facts

7.    On or about October 30, 2007, Defendant Evans, without lawful justification,

intentionally threw the Plaintiff into the air, and onto the floor, causing him, inter alia, to suffer a

broken right hip and an injured elbow, thus using excessive force on the Plaintiff.

ANSWER:    Defendants deny the allegations contained in paragraph seven.


8.    As a result of the actions of Defendant Evans, the Plaintiff suffered past and

permanent physical and mental pain and suffering, permanent disability, a loss of freedom, and

pecuniary damage.

ANSWER:    Defendants deny the allegations contained in paragraph eight.


COUNT I - 42. U.S.C. § 1983 -
Excessive Force - Plaintiff against Defendant
Joseph Evans

9.    Plaintiff re-alleges what has previously been alleged in this Complaint.

ANSWER:    Defendants incorporate by reference their answers to paragraphs one through

eight.


10.    In taking the actions described above, Defendant Joseph Evans willfully and

wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiffs

damages, described more fully above.

ANSWER:    Defendants deny the allegations contained in paragraph ten.

COUNT II - State Law Battery Claim - Respondeat Superior -
Plaintiff Against Defendant Thomas Dart

11.     The Plaintiff re-alleges what has previously been alleged in this Complaint.

ASNWER:     Defendants incorporate by reference their answers to paragraphs one through

eleven.

12.     In taking the actions described above, Defendant Thomas Dart, through his agent

and/or employees, acting under color of law and within the scope and duty of employment,

willfully and wantonly battered the Plaintiff, the proximate cause of which was the Plaintiffs

damages, described more fully above.

ANSWER:     Defendants deny the allegations contained in paragraph twelve.

COUNT III - Plaintiff against the County of Cook (Indemnification)

13.     The Plaintiff re-alleges what has been previously alleged in this Complaint.

ANSWER:     Defendants incorporate by reference their answers to paragraphs one through

twelve.

14.     Defendant Cook County is the indemnifying entity for the actions, described

above, of Defendants Thomas Dart and/or Defendant Joseph Evans, who took their actions while

acting under color of law and in the course and scope of their employment with the County of

Cook.

ANSWER:     Defendants admit the allegations contained in paragraph fourteen.

## AFFIRMATIVE DEFENSES

Defendants COOK COUNTY SHERIFF THOMAS DART, JOSEPH EVANS and COUNTY OF COOK, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, JACK G. VERGES, in further response to the Plaintiff's complaint and in the alternative, affirmatively state as follows:

**FIRST AFFIRMATIVE DEFENSE:**  Defendants THOMAS DART and JOSEPH EVANS did not violate any of Plaintiff's clearly established constitutional rights, and defendants are therefore entitled to qualified immunity from plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE:**  Plaintiff's injuries, if any, were caused by his own actions.

**THIRD AFFIRMATIVE DEFENSE:**  Plaintiff failed to exhaust all Administrative remedies pursuant to 42 U.S.C. § 1997(e).

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees.  Defendants pray that this honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other belief that this Court deems just and appropriate.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:  /s/ Jack G. Verges
     Jack G. Verges
     Assistant State's Attorney
     Civil Actions Bureau
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-3469
     #6186215